UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ALFRED WENDELL HOWARD, JR. and HIKIEM SHARODD CAIN, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 16-cv-02514 (APM) |
| FEDERAL EXPRESS CORPORATION and JOHN O'REILLY, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

### I.

Plaintiffs Alfred Howard and Hikiem Cain worked for Federal Express Corporation ("FedEx") as full-time couriers until terminated in December 2015 and June 2016, respectively. Defs.' Mot. for Summ. J., ECF No. 50 [hereinafter Defs.' Mot.]; Defs.' Stmt. of Undisputed Material Facts, ECF No. 50-2 [hereinafter Defs.' Facts], ¶¶ 6, 12, 23, 32; Pls.' Opp'n. to Defs.' Mot., ECF No. 52 [hereinafter Pls.' Opp'n]; Pls.' Stmt. of Disputed Material Facts, ECF No. 52-3 [hereinafter Pls.' Facts], at 2–4 ¶¶ 6, 12, 23, 32. According to Defendants—FedEx and John O'Reilly, their former supervisor—Plaintiffs were terminated because they each lost custodial control of several packages collectively worth thousands of dollars. Defs.' Facts ¶¶ 23, 32. Plaintiffs claim that Defendants improperly held them responsible for these losses, when in fact a defect in their delivery trucks' locking mechanisms made the packages vulnerable to loss. Pls.' Opp'n; Pls.' Mem., ECF No. 52-2 [hereinafter Pls.' Mem.], at 1–3.

Plaintiffs brought this suit in December 2016, asserting negligence by Defendants for failing to provide secure trucks, along with a number of other claims: (1) intentional discrimination

in violation of 42 U.S.C. § 1981, (2) disparate treatment in violation of 42 U.S.C. § 1981, (3) promissory estoppel, (4) breach of the duty of good faith and fair dealing, (5) breach of express and implied contract, and (6) defamation. *See* Pls.' Compl., ECF No. 1; Pls.' Am. Compl., ECF No. 23-1 [hereinafter Am. Compl.]. The court previously granted Defendants' Motion to Dismiss or their Motion for Summary Judgment as to all claims other than negligence. *See Howard v. Fed. Express Corp. [hereinafter Howard I]*, 280 F. Supp. 3d 26 (D.D.C. 2017) (granting in part and denying in part motion to dismiss); *Howard v. Fed. Express Corp. [hereinafter Howard II]*, 316 F. Supp. 3d 234 (D.D.C. 2018) (granting motion for summary judgment). As to negligence, Defendants had argued that the D.C. Workers' Compensation Act ("WCA") provided "the exclusive remedy for workplace-related injuries" and therefore the negligence claim must be dismissed, but the court elected to have the D.C. Department of Employment Services decide the applicability of the WCA in the first instance. *Howard I*, 280 F. Supp. 3d at 33. After a period of extended delay, the Department issued rulings that granted Plaintiffs no relief.[1] Defendants now move for summary judgment on this sole remaining claim. *See generally* Defs.' Mot. For the reasons stated below, the court grants Defendants' motion.

II.

Plaintiffs allege that Defendants had a duty to provide couriers "with a secure truck to carry out their delivery duties" and that they breached this duty when they "introduced wristband swipe

---

[1] The Department's ultimate determination on the question of whether the WCA applies to Plaintiffs' specific negligence claim is a bit of a mystery and is the subject of much debate between the parties. The Department denied Plaintiff Cain's claim on July 2, 2018. *See* Third Joint Status Report, ECF No. 46; Ex. A, ECF No. 46-1, at 2–3. Both parties sent letters to the Department expressing their agreement with the decision rendered. *See* Third Joint Status Report; Exhibit B, ECF No. 46-2, at 2; Exhibit C, ECF No. 46-3, at 2. The Department then reached the same conclusion on August 10, 2018, with regard to Plaintiff Howard's claim. Defs.' Reply, ECF No. 55; Declaration of Lisa Zelenak, ECF No. 55-1 [hereinafter Zelenak Decl.] at 6–7. However, in a letter dated August 29, 2018, Plaintiffs' counsel asked the Department to revise the Memorandum to "make it clear that [Howard's] claim was denied because the [Department] does not have jurisdiction over claims for non-physical injury like loss of job through termination." Zelenak Decl. at 10–11. The Department issued a second Memorandum in Mr. Howard's case dated August 27, 2018, concluding the Department "does not have jurisdiction in this instance." *Id*. at 13–14. Defendants' attorney filed a declaration with this court, stating that the decision issued on August 27, 2018, contains inaccurate information and does not amend the August 10, 2018 Memorandum because "[t]here is no provision allowing the [Department] to amend a final Memorandum . . . once [it] has been issued." *Id*. at 3. Because the court resolves this matter on other grounds, it need not reach the messy question of the meaning of the Department of Employment Services' rulings.

opening device trucks with defective lock system[s]." Am. Compl. ¶¶ 165–166. Plaintiffs contend that a problem with the trucks' lock system was the proximate cause for the lost packages that precipitated Plaintiffs' terminations. *See id*. ¶ 171; Pls.' Opp'n at 27–28.

Defendants provide a variety of reasons for why they cannot be held liable. They argue that (1) the case is time-barred as to one of the Plaintiffs because the FedEx Employment Agreement fixes a limitations period of six months; (2) the WCA provides the exclusive remedy for the harm; and (3) Plaintiffs have not established a standard of care through expert testimony. Defs.' Mot.; Defs.' Mem., ECF No. 50-1, at 5–10. The court need not address this litany of defenses, however, because Plaintiffs have failed to present evidence to support a key element of their case: that a defect in the trucks' locking mechanism caused the property loss that led to their firings.

In the District of Columbia, a defendant is liable for negligence if the plaintiff can show that "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused damage to the plaintiff." *Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1098 (D.C. 1994). Focusing on the second element here, to establish a breach, Plaintiffs would need to produce evidence that Defendants supplied them trucks with defective locking systems. Plaintiffs provide three pieces of evidence to support this contention: (1) a determination from the D.C. Department of Employment Services on Plaintiff Howard's unemployment benefits claim, (2) deposition testimony from Plaintiff Howard, and (3) deposition testimony from Plaintiff Cain. None provides adequate support to sustain Plaintiffs' claim.

First, Plaintiff relies on a D.C. Department of Employment Services' determination that Plaintiff Howard was eligible for unemployment benefits despite the "allegation" by his employer that his termination was due to employee misconduct. Pls.' Opp'n; Pls.' Ex. E, ECF No. 52-9.

3

The Department based this determination on a finding that Defendant FedEx did not "provide[] sufficient evidence to demonstrate misconduct on the part of the [Plaintiff]." *Id*. Plaintiffs' reliance on this finding demonstrates a fundamental misunderstanding of the burden of proof. For the unemployment benefits claim, "[t]he employer has the responsibility to provide evidence of misconduct." *Id*. Here, however, Plaintiffs bear the burden of proof. A finding by the Department of Employment Services that Defendant FedEx failed to meet its evidentiary burden to prove misconduct in that proceeding sheds no light on whether Plaintiffs have met their burden here to show that Defendants' negligence was the proximate cause of the lost packages.

Plaintiffs' reliance on their deposition testimonies likewise falls short. Plaintiffs first point to testimony by both Howard and Cain that they were not accused by Defendants of stealing the lost packages. Pls.' Facts at 2 ¶¶ 5–6 (citing Pls.' Ex. D, ECF No. 52-8 at 92–93; Pls.' Ex. F, ECF No. 52-10 at 131–132). This is beside the point. Whether Defendants accused Plaintiffs of stealing the packages, or even whether they believe Plaintiffs stole the packages, does not establish Defendants' failure to provide defect-free trucks.

Next, Plaintiffs point to Howard's testimony that other couriers were fired for lost packages. Pls.' Facts at 1–2 ¶ 4; 3 ¶¶ 22, 24 (citing Pls.' Ex. D at 94–107). Plaintiffs argue that this testimony shows that there was evidence of "either something wrong with the locking mechanism, or that spare keys were used, [because] the packages were missing, and there had been similar problems with other trucks." *Id*. at 3 ¶ 22. But Howard's testimony supplies no support for that fact proposition. Plaintiff Howard merely identified other couriers who were fired for losing custodial control of packages without connecting these losses to problems with trucks or their locking mechanisms. *See* Pls.' Ex. D at 94–107. More than that, Howard admitted that he had no first-hand knowledge of any firing other than his own; his information came only from

what other couriers told him. *Id.* Such evidence is pure hearsay and is not admissible, even at the summary-judgment stage. *See Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) ("sheer hearsay . . . counts for nothing on summary judgment") (quoting *Gleklen v. Democratic Cong. Campaign Comm.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (internal quotation marks omitted).

Plaintiff Cain's testimony likewise comes up short. In a portion of Cain's testimony, he stated that he saw "the bulkhead door [of the truck] crack (sic) open a little bit" on the day packages were lost. Defs.' Mot., Deposition of Hikiem S. Cain, ECF No. 50-4, at 114. However, Plaintiff Cain admitted that he checked the locks before and after deliveries every day, and that he inspected the locks before leaving on the day in question and found no problems. *Id.* at 53, 112–113. Further, FedEx investigated the incident and "found no defects with the locking mechanism" and "no evidence that the truck had been accessed by a third-party." Defs.' Facts ¶ 31; Pls.' Facts at 4 ¶ 31 (not disputing that the investigation reached these conclusions and offering no evidence to dispute the accuracy of the conclusions). Plaintiffs offer no proof to rebut that finding. *Id.*

Because Plaintiffs provide no evidence to create a genuine dispute of fact as to whether Defendants' trucks were secure, the court grants Defendants summary judgment on the negligence claim. *Cf. Murphy v. Schwankhaus*, 924 A.2d 988, 993 (D.C. 2007) (summary judgment warranted where plaintiff presented "no evidence" that the defendant's conduct "created a risk not already present").

III.

The court briefly addresses one of Defendants' other contentions, which provides an independent basis for granting their Motion. Plaintiffs' only alleged harm from Defendants' negligence stems from Plaintiffs' termination. *See* Pls.' Opp'n at 28. Plaintiffs, however, were

5

at-will employees.  Defs.' Facts ¶¶ 7, 13; Pls.' Facts at 2 ¶¶ 7, 13.  "[I]n the District of Columbia . . . an employer may discharge an at-will employee at any time and for any reason, or for no reason at all." *Adams v. George W. Cochran & Co., Inc.*, 597 A.2d 28, 30 (D.C. 1991) (citations omitted).  Plaintiffs' "negligence" claim is little more than an attempt to do an end-run around the at-will employment doctrine.  For that additional reason, the court grants summary judgment in Defendants' favor.

IV.

For the foregoing reasons, Defendants' Motion is granted.  A separate final order accompanies this Memorandum Opinion.

Dated:  May 14, 2019

Amit P. Mehta
United States District Court Judge